# UNITED STATES DISTRICT COURT
### DISTRICT OF MASSACHUSETTS
## PRETRIAL SERVICES

**JOHN R. RILEY**
CHIEF PRETRIAL SERVICES OFFICER
UNITED STATES COURTHOUSE
ONE COURTHOUSE WAY, SUITE 1-300
BOSTON, MA 02210
TEL: 617-748-9213
FAX: 617-748-4114

1550 MAIN STREET, RM 534
SPRINGFIELD, MA 01103
TEL: 413-785-0251
FAX: 413-785-0264

595 MAIN STREET, RM 401
WORCESTER, MA 01608
TEL: 508-929-9940
FAX: 508-929-9944

August 3, 2005

Honorable Reginald C. Lindsay
Judge, U.S. District Court
1 Courthouse Way
Boston, MA 02210

RE:  DELSIGNORE, Kimberly
CR#: 05-10018-02 RCL
Release Status Letter

Dear Judge Lindsay:

This letter is provided to the Court as an update of Ms. Delsignore's pretrial status. On December 28, 2004, Ms. Delsignore appeared before Magistrate Judge Robert B. Collings, following a Complaint charging her with Violation of Bank Robbery. She was detained initially. On January 3, 2005, Magistrate Judge Collings released Ms. Delsignore to inpatient treatment. She was placed in Gosnold treatment Center on January 3, 2005 and transported to treatment by her mother, Ms. Barbara Delsignore.

Attached is a release status letter addressed to Your Honor on June 14, 2005, which was prepared prior to her first scheduled Rule 11 Hearing. The letter describes Ms. Delsignore's initial months on pretrial release. The memorandum articulates the difficulty Ms. Delsignore had in complying with the rules at Gosnold Treatment Center and stabilizing in her recovery program. Ms. Delsignore completed treatment on June 15, 2005. She appeared again before Magistrate Judge Collings on June 15, 2005 and her conditions were amended to the following:

1. Report to Pretrial Services weekly, as directed.
2. No travel outside of MA.
3. Avoid all contact with Robert Arnold, except through counsel.
4. Refrain from any alcohol. Refrain from all drugs, not prescribed.
5. Submit to drug testing as directed.
6. Notify Pretrial Services of any arrests within 24 hours.
7. Reside and complete the Shepard House program.

Honorable Reginald C. Lindsay            Page 2            August 4, 2005
U.S. District Court Judge
RE:    DELSIGNORE, Kimberly

8. Follow all rules and fully participate.

9. Do not leave Shepard House without permission.
10. Sign all paperwork to allow communication between PSA and Shepard house.
11. Notify PSA of any employment changes.

Shepard house indicated that there wasn't a bed space available until June 16, 2005. Ms. Delsignore was allowed to stay overnight at her mother's home and her mother was instructed by the Magistrate Judge to bring her the following day to Shepard House.

Ms. Delsignore entered the Shepard House on June 16, 2005. On June 20, 2005, Pretrial Services contacted Joe Texeira of the Moving Ahead Program (MAP) at St. Francis in Boston. The MAP program is a vocational training program for drug addicts. The program runs for 14 weeks and prepares individuals for an internship in the work force while addressing substance abuse and early recovery issues. Ms. Delsignore indicated that she was interested in this program. On June 22, 2005, Mr. Texeira arrived at Shepard House to interviewed Ms. Delsignore. Although the program was filled at the time, Mr. Texeira placed Ms. Delsignore on a waiting list. Fortunately, on June 23, 2005, Mr. Texeira advised both myself and Ms. Delsignore that a bed became available and that she was welcome to begin that day. Ms. Delsignore entered the MAP program on June 23, 2005.

The MAP program consisted of daily attendance at classes to learn interviewing skills, resume skills, Job Performance skills and address issues of self-respect, self-esteem, behaviors in the workplace and early recovery skills as they relate to employment. From the beginning, Ms. Delsignore demonstrated some questionable behavior. On several occasions, staff spoke to Ms. Delsignore about her inappropriate dress and her "chattiness" in the classroom. On July 13, 2005, Mr. Texeira contacted Pretrial Services with concerns about Ms. Delsignore. She apparently tested positive for suboxine (an opiate inhibitor) at the Shepard House. However, a second test was administered and the result proved negative. Mr. Texeira again relayed his concerns about Ms. Delsignore's inappropriate dress and her overt attentiveness to some of the male students in the program. He suggested a meeting with Ms. Delsignore, MAP staff, Pretrial Services and Ms. Delsignore's counselor, Pauline, from the Shepard House.

On July 20, 2005, Pretrial Services met at the MAP office for the above joint meeting. MAP staff indicated that Ms. Delsignore didn't appear to be responding to the warnings. She was at this point dangerously close to being terminated. Shepard House provided more positive information about Ms. Delsignore. Ms. Delsignore appeared to be complying with all the rules and participating in the groups. She had begun to develop a support network in the community and would be promoted the next week to Phase II of the Shepard House program. In Phase II, Ms. Delsignore was to get a sponsor, join an Alcoholics or Narcotics Anonymous group in the community and become more involved with the group. She continues to be tested randomly, twice per week. MAP has scheduled Ms. Delsignore to meet with a therapist once per week to

Honorable Reginald C. Lindsay        Page 3        August 4, 2005
U.S. District Court Judge
RE:    DELSIGNORE, Kimberly

address her co-dependency issues. Ms. Delsignore indicated that she understood what was expected and wanted to continue in the program.

On July 27, 2005, Mr. Texeira contacted Pretrial Services. Ms. Delsignore had apparently refused to attend her counseling. She announced to Mr. Texeira that her mother has arranged for a private counseling. Her reason provided was that she would feel more comfortable with her own counselor. She followed that up with a comment that she could sit there and do nothing and no one would report back to Pretrial Services. Ms. Delsignore was instructed to report to Pretrial Services. She met with this officer and indicated that she would comply with the MAP program fully, including attendance at therapy.

On July 28, 2005, MAP staff contacted Pretrial Services and indicated that the security guard at the MAP program reported his concerns to them regarding Ms. Delsignore's inappropriate dress.

The difficulty in complying with even the basic of rules at MAP appears to be a continuation of the difficulty she had with the rules at the Emerson House. MAP has not indicated that they will terminate Ms. Delsignore at this time. However, she has come close to this happening. MAP is able to offer Ms. Delsignore an internship with Angel Memorial Animal Hospital or the New England Aquarium. This would be an extraordinary opportunity for Ms. Delsignore. Pretrial Services continues to encourage Ms. Delsignore to comply with the rules of the program. Shepard House reports her compliance with their treatment program.

Ms. Delsignore has not been required to report weekly to Pretrial Services while participating in the MAP program. Shepard House has shared their test results with Pretrial Services in addition to her testing at Pretrial Services. Ms. Delsignore reported on July 13, 2005 and submitted to a drug test. The result proved negative.

State and Federal Records indicate no new arrests or warrants.

The above information is provided for Your Honor's consideration at Ms. Delsignore's Rule 11 Hearing.

                Respectfully,

                Judith Oxford,
                Drug/Alcohol Treatment Specialist

JAO
cc:    Timothy Feeley, AUSA
       J.W. Carney, Esq.
Reviewed by: _____
       Basil Cronin, Supervising
       Pretrial Services Officer

# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS
## PRETRIAL SERVICES

**JOHN R. RILEY**
CHIEF PRETRIAL SERVICES OFFICER
UNITED STATES COURTHOUSE
ONE COURTHOUSE WAY, SUITE 1-300
BOSTON, MA 02210
TEL: 617-748-9213
FAX: 617-748-4114

1550 MAIN STREET, RM 534
SPRINGFIELD, MA 01103
TEL: 413-785-0251
FAX: 413-785-0264

595 MAIN STREET, RM 401
WORCESTER, MA 01608
TEL: 508-929-9940
FAX: 508-929-9944

June 13, 2005

Honorable Reginald C. Lindsay
Judge, U.S. District Court
District of Massachusetts
1 Courthouse Way
Boston, MA 02210

RE:   **DELSIGNORE, Kimberly**
   CR# 05-10018-02 RCL
   RELEASE STATUS LETTER

Dear Judge Lindsay:

On December 28, 2005, Ms. Delsignore appeared before Magistrate Judge Robert B. Collings, following a Complaint in which she was charged with Bank Robbery. She was detained pending a motion by the Government and a hearing was scheduled for January 3, 2005.

On January 3, 2005, Magistrate Judge Collings ordered that Ms. Delsignore enter Gosnold Treatment Center, Falmouth, MA and participate in residential substance abuse treatment. Ms. Delsignore was transported by her mother to the program. Ms. Delsignore was further instructed to notify the Court when she had completed treatment so that she could return to the Court for further bail consideration. Ms. Delsignore transferred to Gosnold's women's program on January 18, 2005.

Ms. Delsignore has finished her treatment program at Emerson House and is scheduled for a bail review hearing on June 15, 2005 before Magistrate Judge Collings. The following is a summary of her participation in treatment while at the Emerson House.

Treatment at Emerson House
Ms. Delsignore is a 21 year old single woman with a lengthy heroin addiction. From the onset of her treatment, she found it difficult to commit to a recovering lifestyle. She verbalized how enamored she was with the "criminal lifestyle" and that she found herself attracted to the "bad

Honorable Reginald C. Lindsay                Page 2                June 14, 2005
U.S. District Court Judge
RE: DELSIGNORE, Kimberly
    CR# 05-10018-02 RCL

boys". Her first task was to begin separating herself from the clients that were not serious about treatment and those clients that didn't want to change negative behavior. Although she made progress in her understanding of the disease of addiction, Ms. Delsignore still struggled with making a commitment towards her recovery and towards changing her lifestyle. For example, while at the Emerson House, she continued to contact her co-defendant (whom she referred to as her boyfriend) and it wasn't until she was ordered by the Court in an amended bail condition, on February 9, 2005, that she complied with the request not to write to him. Once that door was closed, she began corresponding with her former boyfriend who was also an active drug user, until that door was closed. Recently, Ms. Delsignore developed a relationship with a man who is residing at a local sober house in Falmouth. She was late returning from a pass in which she was attending a community 12 step meeting. She was found out of place, without authorization and got into a car with people she was not authorized to be with. The group then drove to the men's sober house (where Ms. Delsignore's boyfriend is staying) and she was late returning.

Ms. Delsignore also struggled with her impulsive behavior and failed at times to comply fully with program rules, earning herself disciplinary consequences. For the most part, this is not a surprise for an individual of her age and for a person that has never been in a treatment program before. However, as a result, Emerson House was forced to restrict her community passes to meetings and visits from her parents. The consequences of her actions and her ability to process these events have helped her gain a better perspective as to where she will end up if she continues her use of illegal drugs. Emerson House staff have developed the following continuing care plan that will encourage her to make positive decisions and establish a commitment to her recovery from substance abuse.

Treatment staff have recommended Ms. Delsignore continue her treatment in a structured woman's halfway house. This type of program will allow her to obtain employment in the community, develop a support network in the community and practice her recovery skills while in a structured environment. Although, Ms. Delsignore has indicated that she does not want to move to a structured program and would like to find a sober house in the Falmouth area, she has admitted that poor choices in relationships with men have been a downfall for her, in her recovery. Presently, there is a bed available at the Shepard House in Dorchester. The Shepard house is a structured working halfway house. Emerson House endorses the Shepard house program. Pretrial Services would support this program as well. The Shepard house has a bed for Ms. Delsignore on Thursday, June 16, 2005. The following are additional conditions that were recommended at the June 15, 2005 bail review hearing:

(1) Reside and complete the Shepard House program
(2) Refrain from all alcohol and all illegal drug use
(3) Submit to random drug testing
(4) Report weekly to Pretrial Services as directed
(5) Do Not travel outside of MA
(6) Notify Pretrial Services of any arrests or contact with Law Enforcement Officials within 24
    hours of the contact

| | | |
|---|---|---|
| Honorable Reginald C. Lindsay | Page 3 | June 14, 2005 |

U.S. District Court Judge
RE: DELSIGNORE, Kimberly
     CR# 05-10018-02 RCL

(7) Notify Pretrial Services of any changes in her employment or residential status within 24 hours of the change

State and Federal records indicate no new arrests or warrants. The above information is for Your Honor's consideration at the Rule 11 hearing.

                                            Respectfully submitted,

                                            Judith Oxford,
                                            Drug/Alcohol Treatment Specialist

JAO
cc:    Timothy Feeley, AUSA
        J.W. Carney, Esq.

Reviewed by: _____
                  Basil Cronin, Supervising
                  Pretrial Services Officer