UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA )
)
V.                       )          NO. 05-10018-RCL
)
KIMBERLY DELSIGNORE      )
)

### DEFENDANT'S SENTENCING MEMORANDUM

The defendant respectfully requests that this Honorable Court impose a period of probation upon the defendant, coupled with any conditions which this Court feels would be beneficial to allow the defendant to continue her progress from a serious drug addiction.

The defendant submits that it would be appropriate for the Court to make a downward departure under the United States Sentencing Guidelines because of the defendant's extraordinary post-offense rehabilitation efforts and because the charge of accessory after the fact to a bank robbery overstates the defendant's role in the offense. The defendant specifically urges the court to sentence her to probation within Zone A of the Sentencing Guidelines based on her having an Offense Level of 5 and a criminal history of Category II. The defendant

request that the Court impose the following conditions of probation:

1. Five years probation;

2. Drug and alcohol screening two times per week or as directed by the probation department;

3. Maintain employment (defendant shall notify probation within 3 days if employment changes);

4. The defendant shall not frequent or associate with persons engaged in criminal activity and shall not knowingly associate with persons convicted of a felony;

5. The defendant shall attend Narcotics Anonymous and/or Alcoholics Anonymous, or similar counseling two times per week or as directed by probation.

The defendant further requests that the Court not impose a fine upon her, as she is indigent.

## Statement of Facts

Kimberly Del Signore is before the court having pleaded guilty to being an accessory after the fact to a bank robbery. The evidence presented at the guilty plea hearing indicated that Kimberly lived in the same residence as her co-defendant, Robert Arnold. Both Kimberly and Arnold were heroin addicts who bought and used heroin together.

Arnold had told Kimberly during a drug use episode that when he needed money, he intended to rob a bank to get it, but

did not mention it again. Several days later, on the afternoon of December 1, 2004, Arnold asked Kimberly if she would give him a ride so he could run an errand, and she agreed. She did not realize that he in fact planned to rob the East Boston Savings Bank in Saugus that day. It was only when Arnold returned to Kimberly's car and entered it that she realized that he had committed a robbery, as the dye pack exploded in the bag, and he threw it out of the car. He demanded that she drive away, and she did so. From the moment that the police pulled up behind her on Route 1, Kimberly has cooperated with the authorities in this case. She immediately told the police what had happened, and identified Arnold as the person who took the money from the bank.

### The Defendant's Background

Kimberly Del Signore was born on April 9, 1984, in Reading, Massachusetts. She is the youngest of three children of Barbara and Anthony Del Signore. Kimberly has two older twin brothers, Anthony and Steven. Kimberly's father Anthony is a firefighter for the town of Reading and her mother Barbara is a registered nurse working at the Beverly Massachusetts Hospital in addition to working part time as a Re/Max real estate agent.

Kimberly grew up with her parents in Reading and attended school there, where she showed an early aptitude for athletics. She participated in softball, basketball, and field hockey and

excelled in her favorite sport, ice hockey. Prior to high school, Kimberly played for the select Chelmsford Girls Hockey Team, winning both state and national championships. At Reading High School, Kimberly was the captain of the girls varsity ice hockey team and was named the team's Most Valuable Player after leading the team to a state championship. In addition, during her junior year at Reading High School Kimberly was named the Most Valuable Player of the Middlesex Girls Hockey League.

During her junior year of high school, Kimberly's parents divorced. This divorce broke up what had been a strong family unit and hit Kimberly extremely hard. Prior to her parents' divorce, Kimberly had begun experimenting with marijuana and cocaine. After the divorce, she quickly moved to Oxycontin and heroin. After graduating from Reading High School, Kimberly moved out of her family's home and into an apartment with her then boyfriend, Thomas Carroll. While living with Carroll, Kimberly fell deeper into the throes of a heroin addiction. At one point, Kimberly was using up to 2 grams of intravenous heroin daily. Kimberly's heroin addiction has cost her dearly. It prevented her from maintaining steady employment after high school, prevented her from taking advantage of an opportunity to play hockey for the University of Massachusetts, and led to her involvement in this case.

## Sentencing Guidelines

According to the Presentence Report, Kimberly's total offense level is 13 and she has a criminal history category of III. Pursuant to these calculations, the guideline range is 15 to 21 months imprisonment.

Kimberly's total offense level should be decreased because the charge of accessory after the fact to a bank robbery overstates her actual role in the offense. As stated above, Kimberly drove Robert Arnold away from the East Boston Savings Bank after he had robbed it. When Kimberly let Arnold out of her car, she had no knowledge that he was planning to rob a bank; she thought he was just running an errand. Kimberly did not realize Arnold had robbed a bank until he had already gotten back into her car, and she saw the dye explode onto his sweatshirt. The only way that Kimberly could have avoided being involved in this crime would have been for her to somehow drive away before Arnold re-entered her car after robbing the bank, or to order him out of the car, or to run away from the car herself. It would have taken a rational, lucid person capable of making a split-second decision under these circumstances with her "friend" yelling at her to drive from the scene. However, at the time of the offense, Kimberly was not a rational, lucid person. She was a grossly immature heroin addict, deep in the throes of addiction. Just as her addiction led her to associate

with a person of Arnold's ilk, it prevented her from having the judgment to make the decision necessary to avoid involvement in this offense.

### Post-Offense Rehabilitation

Kimberly should receive a further downward departure because her post-offense rehabilitation efforts are exceptional to a degree neither readily envisioned based on Kimberly's history nor frequently seen in connection with this offense. See United States v. Sklar, 920 F.2d 107, 115-117 (1st Cir. 1990)(defendant's drug rehabilitation could be taken into account as a factor in deciding whether departure is warranted; if it is significantly unusual, a defendant's post-offense rehabilitation can provide a ground for departure); United States v. Mojica, Cr. No. 94-10044, Tauro, J. (defendant charged as felon in possession of a firearm; the guidelines sentencing range was 100 to 125 months; departure to probation based upon extraordinary rehabilitation efforts).

Prior to being arrested in the instant case, Kimberly unsuccessfully attempted to deal with her heroin addiction on her own. In 2003, Kimberly began outpatient substance abuse treatment at the Woburn Family Practice in Woburn. Kimberly's treatment at the Woburn center continued off and on until her arrest in this case. In July of 2004, Kimberly entered an inpatient substance abuse treatment program at the Center for

Addictive Behaviors (CAB) Health Recovery Services in Danvers. At the time Kimberly entered the CAB program, she had been injecting ½ a gram of heroin daily. In November of 2004 Kimberly entered a 5-day inpatient treatment program at the Baldpate Hospital in Georgetown, Massachusetts. Prior to entering Baldpate, Kimberly had using one to two grams of heroin daily. None of the treatment programs that Kimberly entered was successful in combating her heroin addiction. While Kimberly was unsuccessful in dealing with her drug problem prior to this case, her efforts are evidence that she has long realized she has a problem. That knowledge, coupled with the wake-up call of being charged in a serious, federal criminal case, set the stage for true recovery in her life.

Despite her previous failed attempts to get treatment for her heroin addiction, Kimberly has made a remarkable turnaround since her arrest in this case. As a result of the treatment programs that Kimberly has participated in since her arrest, and with the extraordinary mentoring by Judy Oxford of Pretrial Services, Kimberly has gone more than one year without using illegal drugs. She entered the Emerson House residential drug treatment program for women on January 18, 2005 and successfully graduated on June 15, 2005. On June 16, 2005, Kimberly moved into the Shepard House in Dorchester, Massachusetts, where she continues to reside and attend AA and NA meetings and receive

counseling. On June 23, 2005, Kimberly was the youngest person ever to enter the Moving Ahead Program (MAP) in Boston. MAP is a program that combines drug treatment with job training and internship opportunities. She graduated from MAP on September 23, 2005. Kimberly is now poised, once her sentence in this case is determined, to become a gainfully employed, productive member of society.

Kimberly has taken full advantage of the treatment opportunities she has been given as a result of this case. She knows that she has merely taken one small, but critical, step down the road to overcoming her addiction to heroin. But this progress has given her an excellent foundation to build upon. It is this foundation, coupled with the support of her family, as shown by the appended letters from her brothers and mother, that would allow Kimberly to excel under a probation regimen that would include continued treatment for her addiction. Kimberly's record while in treatment and under the supervision of the Pretrial Services constitutes truly exceptional rehabilitation efforts, and can serve as the basis for a downward departure.

## Conclusion

The defendant urges that his Honorable Court to depart downward from the United States Sentencing Guidelines and sentence her to a period of probation coupled with any conditions that this Court feels are necessary to allow her to

continue her progress down the road to recovery from her drug addiction.

                                              Respectfully submitted
                                              Kimberly Del Signore
                                              By Her Attorneys

                                              CARNEY & BASSIL


                                              /s/ J. W. Carney, Jr.

                                              J. W. Carney, Jr.
                                              B.B.O. # 074760
                                              CARNEY & BASSIL
                                              20 Park Plaza, Suite 1405
                                              Boston, MA 02116
                                              617-338-5566


Dated:  December 8, 2005


### CERTIFICATE OF SERVICE

    I hereby certify that a true copy of the above document was served upon the attorney of record for each other party by mail or fax or in hand on or before the above date.

                                              /s/ J. W. Carney, Jr.

                                              J. W. Carney, Jr.

RECEIVED
U.S. PROBATION

2005 DEC -2 AM 11: 32

BOSTON MA CHSE.

November 22, 2005

Ms. Pam Lambardini
John J. Moakley Court House
1 Court House Way
Suite 1-200
Boston, MA 02210-3027

Honorable Judge Lindsey,

    I am writing this letter to you on behalf of my daughter Kimberly Del Signore who is scheduled to appear before you on December 12, 2005. I would like you to know a little background information about Kim and her family and who she was before she became a heroin addict. I would also like you to know the type of person I believe she has become over the past year.

    Kim is the youngest of three children. She has twin brothers, Anthony and Steven, who are twenty four years old. Anthony graduated from Brandeis University and works for the GSA as a contract administrator, while Steven graduated from Connecticut College and works for Boston University as a research assistant. Kim's father Tony is a firefighter for the town of Reading. He also owns and operates his own business, STK Communications, Inc., which designs and installs phone and computer networks. I am a registered nurse and am employed by the Beverly Hospital. I am also a real estate agent and work for Re/Max Top Achievers in Reading. I include this information to demonstrate that Kim comes from a hardworking middleclass family. Her childhood was at worst fairly typical, and usually a great deal better.

    Kim was very involved in sports. Her athletic achievements and talents included playing softball, field hockey and basketball but her favorite sport was ice hockey. She was the only girl on the boy's hockey and baseball teams from the time she was about six years old until she was about 12. Kim played for the newly developed Reading High Girl's Hockey Team which won the State Championship her first year. Along with many other recognitions and achievements she was voted team Captain and received the team MVP award. In Kim's junior year of high school she was awarded the Girl's Hockey Middlesex League MVP award. Kim's confidence and self esteem flourished when she was playing sports and although she was confident in her abilities she was never cocky or boastful. Kim was an incredible athlete and athletics were a huge part of her life growing up.

    I would also like to note that Kim's father and I divorced when she was a junior in High School. I cannot estimate the impact that this may have had on what she has since admitted was, even then, an escalating drug problem. It seems clear however, that though both parents continued, as individuals, to be active participants in her life, she seems to have lost something because of that "individuality".

In those formative years and still now, Kim has a very strong personality, which is simultaneously a blessing and a curse. She is an outgoing, generous, confident person who is very loving, concerned and compassionate for those people and things that she cares about. Perhaps it goes without saying, but Kim's life began to change drastically when she began abusing drugs. The darker side of her personality was completely dominant during that period. She has told me many times that she did not care about anyone or anything while she was using drugs, which had become quite apparent. I know the sweet, loving, caring person that Kim can be and it breaks my heart to see the way that her addiction completely obscured the finer aspects of her personality.

Now, I would like to share with you who I think Kim has become over the past year since being in treatment and being in structured programs. I am very proud of her for the accomplishments she has made over these past 12 months. She has actively participated in and graduated the MAP program from which she has learned invaluable lessons and tools which she can carry with her and use for the rest of her life. Kim attends NA and AA meetings and individual counseling sessions on a regular basis. For the first time in a long while, I see a positive attitude and the desire and willingness to make constructive changes in her life.

I do not condone what Kimberly has done. So I hope you will understand how I feel when I say that I thank God every day that an event such as this magnitude occurred and that no one was harmed, because I believe it saved my daughters life. I truly believe that if she continued on the path she was headed, she would be dead by now. She is an addict who is currently doing well in recovery, and not a criminal. I believe that she needs continued support and treatment, and not imprisonment. I respectfully ask you to consider giving Kim the opportunity to use her experiences in a way that may help other young people avoid the self-destructive path that she chose.

I would also like to take this opportunity to thank everyone in the federal court system who has been involved in Kim's case and for all they have done for her, especially Judy Oxford of pre-trial services. She is an invaluable asset to your staff and in my opinion, has played an enormous role in Kim's progress and growth over this past year. Kim has been treated with dignity and respect and is receiving the help she desperately needs; for that, I want to say thank you for giving me back my daughter.

Respectfully,

*Barbara Del Signore*

Barbara Del Signore

November 25, 2005

Ms. Pam Lambardini
John J. Moakley Court House
1 Court House Way
Suite 1-200
Boston, MA 02210-3027

Honorable Judge Lindsay,

      I am writing this letter in regard to my sister, Kimberly Del Signore, and her upcoming sentencing on the twelfth of December. The personal relationship that I share with my sister has afforded me a unique opportunity to understand the circumstances surrounding the crime for which Kimberly appears before the court, as well as the nature of the change that she has effected in her life over the past year. I feel that it is with particular consideration to these matters that Kimberly should be shown leniency in her sentencing, such that she may continue to grow in a positive way from the person she was one year ago.

      The day my sister aided in the robbery of a bank, she made a choice. Her choice, however, was motivated exclusively and powerfully by her compulsion to use heroin. A disordered thread of thought and action led her into intense conflict with family and friends, unhealthy relationships with unhealthy people, and ultimately criminal conduct.

      Since that day, Kimberly has made a number of other choices. Initially, her choices were admittedly few: comply with court's orders and mandated treatment or return to prison. Indeed, in the earliest weeks, her attitude reflected this. As months have passed, Kimberly's freedom and character have grown sufficiently to allow her to make more complicated choices, and she has done so with a grace that belies a desire to improve the quality of her own life.

      This grace is reflected most obviously to me in the strength of our own relationship, which has grown seemingly exponentially since Kim's initial incarceration. We have spent more time together, talked more frequently, and simply enjoyed each others' company more in the last year than in the five years prior. I see in her now an ability to share and learn that never seemed present. It has afforded me the opportunity to share openly with her my experiences, and also to learn from hers. She has a true ability to communicate in a personal way, a skill that I hope she will put to great use.

      I see the same growth in relation to the rest of the family as well. Kimberly participates now in every family event she can possibly attend, in stark contrast to the times in which she was using drugs. She interacts with family more actively, more positively, and more happily than ever. These positive relationships that she has fostered, and her willingness to let wither more destructive friendships, will serve her very well in the future.

      Clearly Kimberly has made innumerable other choices and changes in her life; I have tried to share only those that I myself have experienced most powerfully. I hope that I have effectively communicated to you the degree of personal change that Kimberly has undergone; and that the fundamental nature of these changes will leave her better equipped to make healthy decisions about her own life, decisions that will lead to further growth and development if such change is allowed to flourish. Please give Kimberly the continued opportunity that her current freedom has afforded her. Thank you very much for your time.

Sincerely,

Steven Del Signore

November 26, 2005

Ms. Pam Lambardini
John J. Moakley Court House
1 Court House Way
Suite 1-200
Boston, MA 02210-3027

Honorable Judge Lindsay,

    I am writing with regard to the sentencing of my sister, Kim Del Signore on December 12. I will not ask you to be unfairly or unnecessarily lenient when considering her punishment; it seems to me both that my sister's actions and many of her faults are clearly before the court, and that she should be made to feel the consequences of those actions. I don't doubt that many of the letters you will receive in Kim's favor will seek to excuse her behavior or mitigate her guilt on account of her addiction. While it is true that Kim has been addicted to heroin for quite some time, I am unable to say that this fact sufficiently excuses her behavior. Since before the time of her involvement with drugs, Kim lacked the ability or motivation to adequately consider her actions, and rarely relied on any sort of well-conceived moral principle when choosing to act. These factors, no less than her addiction contributed to the crime for which she is now being sentenced.

    That said however, it may not be unreasonable to suggest that her time might not be better spent away from a prison. While I have noted certain deficiencies in my sister's character, I can say that those deficiencies have become progressively less pronounced over the past year, and that Kim has, to a greater extent, taken advantage of the rather extraordinary opportunity afforded her during that time. Given investments made in Kim's favor by the state, by us her family, and by her own substantial effort, it would be a shame to send Kim to prison at this time, which would only serve to erase the rather encouraging progress those investments have wrought. My sister is a better, more thoughtful, and more productive citizen now than she was at this time one year ago. That this is true testifies not only to her current merits, but more importantly suggests that we may expect better things from her in the future. Please do not withdraw the opportunity that my sister has been given, thus jeopardizing her improvement, but instead give her and those by whom she is loved the opportunity to hope that she will make of herself what she should have been all along. Thank you for your time and your consideration.

Sincerely,

*[signature]*

Anthony Del Signore

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

# **NOTICE**

The document originally filled in this case has been stricken from the docket because it was incorrectly filed in this case.